[No. 26817. Department Two. April 26, 1938.]

OREGON MUTUAL LIFE INSURANCE COMPANY, *Plaintiff,*
v. MELINDA B. DIXON *et al., Respondents,*
GENEVA DIXON, *Appellant.*[1]

*Charles F. Bolin* and *Arthur Kirschenmann,* for appellant.

*E. K. Brown,* for respondents.

BEALS, J.—The plaintiff in this action, Oregon Mutual Life Insurance Company, is a corporation organized and existing under the laws of the state of Oregon, and authorized to transact business as a life insurance company in that state and elsewhere, including the state of Washington.

It appears that plaintiff, July 8, 1930, in Yakima county, issued to Elmer H. Dixon a policy of life in-

[1]Reported in 78 P. (2d) 594.

surance, whereby it agreed to pay $2,500 upon the death of the insured. The policy was written in favor of the insured's estate and so remained until August 7, 1932, when, pursuant to request of the insured, his parents, Elwood J. Dixon and Melinda B. Dixon, or the survivor of them, were named as beneficiaries. The insured was a single man until September 28, 1932, when he married the defendant Geneva Dixon, who remained his wife until his death, which occurred August 8, 1936, when he died intestate and childless.

Proof of death having been made, plaintiff admitted liability upon the policy of insurance above referred to and, being in doubt as to the identity of the person entitled to receive the proceeds of the policy, filed in the superior court for Yakima county its complaint in interpleader, paying the proceeds of the policy into the registry of the court, and naming as defendants Melinda B. and Elwood J. Dixon, the parents of the deceased, together with Geneva Dixon, his widow, and asking that it be relieved from further liability on its policy, and that the parties respectively claiming the proceeds thereof be required to establish their rights to the fund.

Melinda B. and Elwood J. Dixon then filed their answer to the complaint, claiming the proceeds of the policy as named beneficiaries therein, and the widow, Geneva Dixon, filed her answer, alleging that her late husband had, during his lifetime, changed the beneficiary under his policy and had named his wife, Geneva Dixon, as such beneficiary. Geneva Dixon's answer contained some other allegations, and she invoked the equity jurisdiction of the court, claiming that a court of equity should hold that the change of beneficiary in her favor, upon which she relied, had been fully effected, and that she should receive the proceeds of the policy.

The issues were fully made up between Melinda B. and Elwood J. Dixon, on the one hand, and Geneva Dixon, on the other, and the cause was tried to the court. Very complete findings of fact were entered in favor of Melinda B. and Elwood J. Dixon, followed by conclusions of law and a judgment, to the effect that Melinda B. and Elwood J. Dixon were the sole beneficiaries under the policy of insurance, and entitled to recover the entire proceeds thereof, and dismissing Geneva Dixon's claim to the fund. From this judgment, Geneva Dixon has appealed.

Clearly, the issues, as framed by the pleadings, were of equitable cognizance, but findings of fact and conclusions of law may properly be entered in an equitable action, if the court be inclined to make the same.

Appellant makes seven assignments of error, but upon the record before us, only two of these may be considered, namely: Appellant's contention that the trial court erred in entering judgment in favor of respondents and in refusing to enter judgment in her favor; and also in refusing to grant appellant's motion for judgment in her favor notwithstanding the decision of the court, or in the alternative for a new trial. The other assignments of error are all based upon matters which it is suggested occurred during the trial, but concerning which no proper record is before us upon which the alleged errors may be considered.

█ There appears in the file a purported bill of exceptions, which was apparently seasonably filed in the office of the clerk of the superior court. In the recent case of *State ex rel. Northeast Transportation Co. v. Superior Court*, ante p. 262, 77 P. (2d) 1012, this court, sitting *En Banc*, held that, on an appeal from a decree rendered in an equitable action, all of the evidence must be brought to this court by way of

a statement of facts, and that a bill of exceptions has no place or function in an equity case. The bill of exceptions contained in the record before us bears no proper certificate on the part of the trial court and could not be considered in any event, but under the opinion of this court in the case cited, even a properly certified bill of exceptions could not be considered. The record, then, contains nothing which will enable this court to consider any question based upon the evidence in the case.

This is an equitable action, and on appeal every presumption operates in favor of the validity of the decree entered by the trial court.

In the case at bar, then, we have before us nothing save the findings of fact, the conclusions of law, and the decree denying appellant any relief. The decree is amply supported by the findings of fact, and appellant's contention that the trial court erred in refusing to award to her the proceeds of the life insurance policy finds no support in the record.

The same is true of appellant's contention that the trial court should have granted a decree in her favor, notwithstanding the decision of the court, or in the alternative should have granted her a new trial.

The decree appealed from is accordingly affirmed.

STEINERT, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.